

# Service of Process Transmittal

06/15/2021
CT Log Number 539740082

| | |
|---|---|
| **TO:** | Kim Lundy- Email<br>Walmart Inc.<br>702 SW 8TH ST<br>BENTONVILLE, AR 72716-6209 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | Sam's East, Inc.  (Domestic State: AR) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gilberto Ruiz, Pltf. vs. Sam's Club East, Inc. , Dft. // To: Sam's Club East Inc<br>*Name discrepancy noted*. |
| **DOCUMENT(S) SERVED:** | Citation, Attachment(s), Petition |
| **COURT/AGENCY:** | 125th Judicial District Court of Harris County, TX<br>Case # 202134146 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 09/27/2019 - Sam's Club Store #4712, 10488 Katy Freeway, Houston, Texas, 77043. |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 06/15/2021 at 03:01 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Benjamin H. Ruemke<br>Paranjpe Mahadass Ruemice LLP<br>3701 Kirby, Suite 530<br>Houston, TX 77098<br>832-667-7700 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 06/16/2021, Expected Purge Date: 06/21/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT A



## PROCESS SERVER DELIVERY DETAILS

**Date:** Tue, Jun 15, 2021

**Server Name:** DON ANDERSON

| Entity Served | SAM'S CLUB EAST INC |
|---|---|
| Case Number | 2021-34146 |
| Jurisdiction | TX |



CAUSE NO. 202134146

COPY OF PLEADING PROVIDED BY PLT

RECEIPT NO: 937351  TRACKING NO: 73877890  EML

| Plaintiff: | In The 125th |
|---|---|
| RUIZ, GUILBERTO | Judicial District Court of |
| vs. | Harris County, Texas |
| Defendant: | 201 CAROLINE |
| SAM'S CLUB EAST INC (DBA SAM'S CLUB) | Houston, Texas |

## CITATION CORPORATE

**THE STATE OF TEXAS**
**County of Harris**

To:   SAM'S CLUB EAST INC (DBA SAM'S CLUB) (DELAWARE CORPORATION) MAY BE SERVED BY SERVING ITS REGISTERED AGENT CT CORPORATION SYSTEM
1999 BRYAN STREET #900, DALLAS TX 75201

Attached is a copy of: PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

This instrument was filed on June 7, 2021 in the above cited cause number and court. The instrument attached describes the claim against you.

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your Attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration date of 20 days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.

This citation was issued on June 7, 2021, under my hand and seal of said court.



| Issued at the request of: | Marilyn Burgess, District Clerk |
|---|---|
| RUEMKE, BENJAMIN HARRIS | Harris County, Texas |
| 3701 KIRBY DRIVE SUITE 530 | 201 CAROLINE  Houston Texas 77002 |
| HOUSTON, TX  77098 | (PO Box 4651, Houston, Texas 77210) |
| 832-667-7700 | |
| Bar Number: 24079250 | Generated By:MONICA JACKSON |

Tracking Number: 73877890   EML

## CAUSE NUMBER: 202134146

| | |
|---|---|
| PLAINTIFF: RUIZ, GUILBERTO | In the 125th |
| vs. | Judicial District Court of |
| DEFENDANT: SAM'S CLUB EAST INC (DBA SAM'S CLUB) | Harris County, Texas |

### OFFICER - AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___. M. on the _____ day of _____, 20_____. Executed at

(Address)_____
in

_____ County at o'clock ___. M. On the _____ day of _____, 20_____, by

Delivering to _____defendant, in person, a true copy of this Citation together with the accompanying _____ copy (ies) of the «Attachment». Petition attached thereto and I endorsed on said copy of the Citation the date of delivery.

To certify which I affix my hand officially this _____day of _____, 20.

Fees $_____

_____          By_____
            Affiant                                                              Deputy

On this day, _____, known to me to be the person whose signature appears on the foregoing return, personally appeared. After being by me duly sworn, he/she stated that this citation was executed by him/her in the exact manner recited on the return.

SWORN TO AND SUBSCRIBED BEFORE ME, On this _____ day of _____, 20__.

_____
Notary Public

6/7/2021 2:59 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 54169369
By: Monica Jackson
Filed: 6/7/2021 2:59 PM

Cause No. _____

| | | |
|---|---|---|
| **GUILBERTO RUIZ,** *Plaintiff* | § § § | **IN THE DISTRICT COURT OF** |
| v. | § § § | **HARRIS COUNTY, TEXAS** |
| **SAM'S CLUB EAST, INC.,** *Defendant* | § § | \_\_\_\_ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff, GUILBERTO RUIZ, files this, Plaintiff's Original Petition and Jury Demand, complaining of Defendant SAM'S CLUB EAST, INC. d/b/a SAM'S CLUB and for cause would respectfully show the Court as follows:

## DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of the Texas Rules of Civil Procedure.

2. Plaintiff seeks damages within the jurisdictional limits of the Court and seeks monetary relief over $250,000.00 but less than $1,000,000.00, including damages of any kind, penalties, court costs, expenses, prejudgment interest, and attorney fees. See Tex. R. Civ. P. 47.

## VENUE AND JURISDICTION

3. The Court has jurisdiction over the Defendant because the Defendant is a registered Texas entity and is or was doing business in Texas. This Court also has jurisdiction over the controversy because the damages are above the minimum jurisdictional limits of this Court.

4. Venue is proper in Harris County, Texas pursuant to Texas Civil Practice and Remedies Code §15.002(a)(1) because a substantial part of the events or omissions giving rise to the present claims occurred in Harris County, Texas.

## PARTIES

5. Plaintiff, Gilberto Ruiz (hereinafter "Plaintiff"), is a resident of Harris County, Texas who may be contacted through his undersigned counsel.

6. Defendant, Sam's Club East, Inc. d/b/a Sam's Club (hereinafter "Defendant"), is a Delaware corporation authorized to do business in Texas. It may be served with process by serving its registered agent for service of process through CT Corporation System at 1999 Bryan Street, #900, Dallas, Texas 75201.

## MISNOMER/ALTER EGO

7. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils", should be pierced to hold such parties properly included in the interest of justice.

## FACTS

8. On or about September 27, 2019, Plaintiff was shopping at Sam's Club store #4712 located at 10488 Katy Freeway, Houston, Texas 77043. As Plaintiff was walking down aisle 17 he stepped on a substance on the ground, causing him to slip and fall to the floor. As a result of the incident, Plaintiff suffered severe and disabling injuries to his left arm and knees.

9. The substance on Defendant's floor constituted a dangerous condition. The Defendant actually created the dangerous condition and/or had knowledge of, or in the exercise of ordinary care, should have had knowledge of the substance on the floor which created the dangerous condition but, nonetheless failed to warn Plaintiff of the dangerous condition, all of which, either singularly or collectively, caused the incident in question and Plaintiff's resulting injuries.

2

10. Due to the unsafe manner in which the Defendant operated its store, Plaintiff suffered and sustained bodily injuries resulting from the incident.

## CAUSES OF ACTION

### NEGLIGENCE

11. Paragraphs 1 through 11 are incorporated by reference.

12. Plaintiff was an invitee and business patron of the Defendant in that she received an implied invitation, for a mutual benefit, to enter and be a consumer and patron at Sam's Club. Additionally, Plaintiff was a member of the general public who visited Sam's Club.

13. The Defendant, Sam's Club East, Inc. d/b/a Sam's Club, is the possessor of the premises of Sam's Club Store #4712.

14. The substance on Defendant's floor was a condition of the premises which posed an unreasonable risk of harm, as it was not readily apparent to Plaintiff, creating a situation where the presence of the substance on the floor could cause an individual to lose his footing and fall upon stepping on the substance.

15. The Defendant knew or reasonably should have known of the danger created by this unreasonably dangerous premises condition and breached its duty of ordinary care by failing to adequately warn Plaintiff of the condition and failing to make the conditions reasonably safe.

16. The Defendant's breach proximately caused Plaintiff's injuries and damages.

17. The Defendant, acting through its agents, servants, and/or employees, who were at all times acting within the course and scope of their employment, committed acts and/or omissions that constituted negligence which proximately caused the incident in question; to with:

3

a. In creating and causing the dangerous condition of the substance to be on the floor of the aisle;

b. In failing to maintain the premises in question in a reasonably safe condition and free of hazards to Plaintiff, and other invitees, entering the premises;

c. In failing to correct the unreasonably dangerous condition which was created by the presence of the substance on the floor of the premises in question;

d. In failing to warn invitees, including Plaintiff, of the dangerous conditions of the premises in question;

e. In failing to properly inspect the premises in question to discover the unreasonably dangerous conditions in question;

f. In failing to properly train agents, servants, and/or employees regarding the proper manner in which to make the premises reasonably safe;

g. In failing to implement proper policies, rules, and/or procedures to make the premises reasonably safe;

h. In failing to enforce proper policies, rules, and/or procedures to make the premises reasonably safe;

i. In failing to properly train employees how to respond to an emergency incident such as the one forming the basis of this lawsuit;

j. In failing to provide a First Aid kit and/or other appropriate medical equipment for customers and employees to use in case of emergency;

k. In failing to properly supervise employees and adequately staff the facility such that at the time the incident occurred, there was no one working who was

   adequately trained, prepared, and competent to take appropriate action(s) in response to the incident forming the underlying basis of this suit;

  l. In failing to use ordinary care in hiring employees; and,

  m. In failing to take affirmative action to control or avoid increasing the danger from a condition that was at least partially created by the Defendant.

18. Each and all of the above foregoing acts, both of omission and commission, singularly or in combination with others, constituted negligence which proximately caused this incident, and Plaintiff's injuries and damages.

## RESPONDEAT SUPERIOR

19. The Defendant is legally responsible to Plaintiff for the acts and omissions of its employees, agents, servants, and representatives under the legal doctrines of respondeat superior, agency and/or ostensible agency. As a result thereof, the Defendant is vicariously liable for all wrongful and illegal acts, omissions, and conduct of its employees, agents, servants and representatives.

## RES IPSA LOQUITOR

20. The conditions and/or instrumentalities involved in the incident complained of herein were under the management and control of the Defendant, and/or its agents, servants, and employees. The character of the event causing Plaintiff's injuries would not ordinarily occur in the absence of negligence and, under these circumstances, the Defendant's negligence must be inferred under the Doctrine of Res Ipsa Loquitor as the doctrine is understood by law.

## CONDITIONS PRECEDENT

21. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## DAMAGES

22. Plaintiff incorporates Paragraphs 1 through 22 by reference.

23. As a result of the preceding causes of action, Plaintiff has been damaged in the following manner:

    a. Medical, hospital, and pharmaceutical charges and expenses in the past;

    b. Past, present, and future mental anguish;

    c. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

    d. Pain and suffering in the past;

    e. Pain and suffering that, in reasonable probability, will be suffered in the future;

    f. Mental anguish in the past;

    g. Mental anguish that, in reasonable probability, will be suffered in the future;

    h. Disability and impairment in the past;

    i. Disability and impairment that, in reasonable probability, will occur in the future;

24. Plaintiff has suffered damages from the Defendant; wrongful conduct described herein. Accordingly, Plaintiff is seeking damages of over $250,000.00 but less than $1,000,000.00.

## REQUIRED DISCLOSURE

25. Under Texas Rule of Civil Procedure 194, Plaintiff requests that the Defendant disclose, within 30 days of the service of this request, the information or material described in Rule 194.2.

## JURY DEMAND

26. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## PRAYER

27. For these reasons, Plaintiff asks that the Court issue citation for the Defendant to appear and answer, and that Plaintiff be awarded a judgment against the Defendant for the following:

   a. Medical, hospital, and pharmaceutical charges and expenses in the past;

   b. Past, present, and future mental anguish;

   c. Medical, hospital, and pharmaceutical charges and expenses that, in reasonable medical probability, will be incurred in the future;

   d. Pain and suffering in the past;

   e. Pain and suffering that, in reasonable probability, will be suffered in the future;

   f. Mental anguish in the past;

   g. Mental anguish that, in reasonable probability, will be suffered in the future;

   h. Disability and impairment in the past;

   i. Disability and impairment that, in reasonable probability, will occur in the future;

   j. Prejudgment and post judgment interest;

   k. Court costs;

   l. Such other and further relief, both general and special, at law or in equity, to which Plaintiff may show herself justly entitled.

Respectfully Submitted,

*Signature on the following page*

PARANJPE MAHADASS RUEMKE LLP

_____
Benjamin H. Ruemke
State Bar No: 24079250
Tej R. Paranjpe
State Bar No: 24071829
3701 Kirby, Suite 530
Houston, Texas 77098
BRuemke@pmrlaw.com
TParanjpe@pmrlaw.com
(832) 667.7700 Telephone
(832) 202.2018 Facsimile

For e-service only:
Service@pmrlaw.com
*Counsel for Plaintiff*

8